FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF FLORIDA 12 JAN 13 PM 2:05

| | |
|---|---|
| DANIEL STANISLAWEK<br>Plaintiff | ) <br> ) | CLERK U.S. DISTRICT COURT<br>MIDDLE DISTRICT OF FLORIDA<br>TAMPA, FLORIDA |
| V. | ) <br> ) | Case No:<br>8:12 CV 80 33 EAJ |
| HENSCHEL & BEINHAKER, P.A.<br>Defendant | ) <br> ) | |
| AMERICAN EXPRESS BANK, FSB a.k.a<br>AMERICAN EXPRESS, AMEX, et al,<br>Co-Defendant<br>Does 1 through 7 | ) <br> ) <br> ) <br> ) | **Civil Rights Violation Complaint**<br>**Trial By Jury Demanded** |
| | ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**Comes now** the Plaintiff Daniel Stanislawek :

Plaintiff's Complaint is based on the Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.* (FCRA)
and the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* (FDCPA)

At all times hereinafter mentioned, The Plaintiff is a resident of Pinellas County State of Florida.
From here forward Daniel Stanislawek, will be known as the Plaintiff.

## JURISDICTION AND VENUE

Jurisdiction of this court arises pursuant to *15 U.S.C. §1681(p)* and *15 U.S.C. §1692k(d)* and
which states that such actions may be brought and heard before "any appropriate United States
district court without regard to the amount in controversy."

The Defendant Henschel & Beinhaker, P.A. is a third party debt collector and conducts business
in the state of Florida and is located at 4060 Sheridan Street, Suite C, Hollywood, Florida 33021,
as such is governed under the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.*(DCPA)
Plaintiff brings this action to the fact as to how an alleged account was or was not validated and
continued collection activities' and wrongful actions without providing proof of an alleged
account to the Plaintiff in the attempted collection of the alleged account, <u>violated the civil rights</u>
of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act *15 U.S.C. §1692
et seq.*

$350
TO A 9174

The Co-Defendant American Express Bank, FSB a.k.a American Express, AMEX, et al conducts business in the state of Florida and is headquartered at World Financial Center 200 Vesey Street, New York, NY 10825 and they are licensed to do business in the State of Florida. As such is governed under the law by Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.*

The Co-Defendant, American Express Bank, FSB a.k.a American Express, AMEX, et al is a Credit Lender as such is governed under the law by The Fair Credit Reporting Act 15 USC *§1681 et seq.* and also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and Innovis. The State of Florida abides by and adheres to these laws. Specifically the Fair Credit Reporting Act *15 USC §1681, et seq*

The Plaintiff brings this action to the fact as to how an alleged account was or was not reported correctly and reported erroneous and inaccurate information in the Plaintiffs Credit reports and failed to provide proof of the alleged account. And wrongful actions of the Co-Defendant in the credit reporting of the alleged account, <u>violated the civil rights</u> of the Plaintiff and the law as outlined in the Fair Credit Reporting Act 15 USC §1681, *et seq.* and the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq*

## PRELIMINARY STATEMENT

Plaintiff brings this action for damages based upon Defendants Henschel & Beinhaker, P.A. for violations of the Fair Debt Collection Practices Act *15 U.S.C. §1681, et seq.* Continued collection activity without providing proof of an alleged account and failure to provide proof of the alleged account.

Plaintiff brings this action for damages based upon Co-Defendants violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 <u>et seq.</u> ("FCRA"). Reporting erroneous and inaccurate information in the Plaintiffs' Credit Report and for willful and negligent non-compliance.

American Express Bank, FSB is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), (n) & (o) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## INTRODUCTION

On or about December 21, 2009 the Defendant contacted the Plaintiff via US Mail with a notice of an alleged debt that was owed. On or about January 6, 2010 the Plaintiff sent a letter of

Validation to the Defendant via certified US Mail which the Defendant received on January 11, 2010 at 11:29 am.

To date the Defendant has failed to validate the alleged debt

The Defendant has done continued collection activity through today's date by filing a suit in the Local County Court.

On or about January 2010 the Plaintiff requested copies of his credit report from the three national credit reporting agencies Trans Union, Experian and Equifax. Upon review the Plaintiff found that the Defendant was reporting erroneous, inaccurate and derogatory information in the plaintiff's credit reports. Upon inspection of the said credit report's the Plaintiff observed that Defendant listed on the Plaintiffs Experian, Equifax and Trans Union credit report indicating an account with them.

The Plaintiff contacted the Co-Defendant by U.S. Postal Service Certified Mail Return Receipt # 7009 2250 0003 1955 3157 on or about January 29, 2010 and said letter was received on February 4, 2010 at 3:05pm (see **Exhibit A**) disputing the information in the Plaintiff's credit report. A reply was never received from the Defendant.

The Plaintiff contacted Trans Union and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7009 2820 0003 8834 6363 on February 9, 2010 (see **Exhibit B**) and said letter was received on February 16, 2010 at 9:51 am.

The Plaintiff contacted Experian and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7009 2820 0003 8834 6356 on February 9, 2010 (see **Exhibit C**) and said letter was received on February 16, 2010 at 11:56 am.

The Plaintiff contacted Equifax and disputed the erroneous and inaccurate information via U.S. Postal Service Certified Mail Return Receipt # 7009 2820 0003 8834 6349 on February 9, 2010 (see **Exhibit D**) and said letter was received on February 12, 2010 at 10:38 am.

All three Credit Reporting Bureaus have indicated they are reporting the information correctly as reported by the Defendant.  Please see attached Affidavit of Daniel Stanislawek (see **Exhibit E**). The Defendant AMERICAN EXPRESS BANK, FSB has been reporting erroneous and inaccurate information in the Plaintiff's credit reports since March 2007 in all three credit reporting bureaus.

3

AMEX, is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), (n) & (o) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## Count 1 against the Defendant Under DCPA

Failure to validate the alleged debt/account: Failure to provide proof of alleged debt/account Initial contact on or about December 28, 2009.

### § 809. Validation of debts 15 USC 1692g

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

   (1) the amount of the debt;

   (2) the name of the creditor to whom the debt is owed;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) A communication in the form of a formal pleading in a civil action shall not be treated as an
initial communication for purposes of subsection (a).

Plaintiff demands Judgment in the amount of $1000.00

## Count 2 against the Defendant Under DCPA

Continued collection activity: Filing suit in the local court on or about December 21, 2009 date
again failing to provide proof of the alleged account

In violation of **§ 809. Validation of debts 15 USC 1692g**

Plaintiff demands Judgment in the amount of $1000.00

## Count 3 against the Co-Defendant under FCRA

**Civil liability for willful noncompliance [15 U.S.C. § 1681n]**

(a) In general. Any person who **willfully** fails to comply with any requirement imposed under
this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not
less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false
pretenses or knowingly without a permissible purpose, actual damages sustained by the
consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the
costs of the action together with reasonable attorney's fees as determined by the court.

(b) Civil liability for knowing noncompliance. Any person who obtains a consumer report
from a consumer reporting agency under false pretenses or knowingly without a permissible
purpose shall be liable to the consumer reporting agency for actual damages sustained by the
consumer reporting agency or $1,000, whichever is greater.

(c) Attorney's fees. Upon a finding by the court that an unsuccessful pleading, motion, or
other paper filed in connection with an action under this section was filed in bad faith or for
purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in
relation to the work expended in responding to the pleading, motion, or other paper. As a result
of defendants' willful failure to comply with the FCRA, Co-defendants are liable to the Plaintiff
in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of
the failure or damages of not less than $100.00 and not more than $1,000.00 for each such

violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

Plaintiff restates and reiterates herein all previous paragraphs.

Plaintiff demands judgment in the amount of $138,000.00. This is based on every month or day that the Defendant violated the FCRA (forty six months) by willfully failing to comply with the requirements of the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus. This is allowed for every month that the Defendant fails to comply with the FCRA and its regulations.

## Count 4 against the Co-Defendant under FCRA

**Civil liability for negligent noncompliance [15 U.S.C. § 1681o]**

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

Plaintiff demands judgment in the amount of $138,000. This is based on every month that the Defendant violated the FCRA (forty six months) by negligently failing to comply with the requirements imposed under the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus. This is allowed for every month that the Defendant fails to comply with the FCRA and its regulations.

## Count 5 against the Co-Defendant under FCRA:

The plaintiff has disputed with the Defendant's and all three credit reporting agencies in the same time frame and the Defendant has not complied with the FCRA. The Defendant has damaged the Plaintiff's credit score, credit report, and Plaintiff's character by saying that the Plaintiff doesn't pay his bills.

**Reporting erroneous and inaccurate information**

**According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies:**

(a)Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

<u>(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate: and</u>

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) **Duty to provide notice of dispute.** If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681 i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611 (a)(1) [§ 1681 i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

   Plaintiff demands judgment in the amount of $138,000. This is based on every month that the Defendant violated the FCRA (forty six months) by reporting erroneous and inaccurate information, times $1000.00, times three for each of the three national credit reporting bureaus. This is allowed for every month that the Defendant fails to update the report by marking the alleged account in dispute.

## Count 6 against the Co-Defendant under FCRA

   The Co-Defendant AMERICAN EXPRESS BANK, FSB has failed to indicate that the Plaintiffs credit report is in dispute in the Plaintiffs three credit reports as the Defendant has not provided proof of any alleged account from March 2007 and through today in all three credit reporting bureaus. Defendant has failed to indicate that the alleged account is in dispute.

**Failure to mark the account in dispute**

**According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies**

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

**(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.**

The Plaintiffs credit reports from Experian, Trans Union, and Equifax do not reflect that the information is disputed by the consumer even though the Plaintiff has sent a letter of dispute to the Defendant and to date the Defendant has not responded.

Plaintiff demands judgment in the amount of $138,000. Based on every month (forty six months) the Defendant has failed to mark the account in dispute times $1000.00 per violation, times all three national credit bureaus.  The Defendant has broken the FCRA by updating the reports each month without marking the alleged account in dispute.

## Count 7 against the Co-Defendant under FCRA

**§ 615. Requirements on users of consumer reports** *15 U.S.C. § 1681m(G)*

(2) upon request of the consumer to whom the debt purportedly relates, provide to the consumer all information to which the consumer would otherwise be entitled if the consumer were not a victim of identity theft, but wished to dispute the debt under provisions of law applicable to that person.

Plaintiff demands judgment in the amount of $138,000.00 This is based on every month

that the Defendant violated the FCRA in Plaintiffs credit reports (forty six months through today) by willfully failing to comply with the requirements of the FCRA, times $1000.00, times three for each one of the three national credit reporting bureaus. This is allowed for every day that the Defendant fails to comply with the FCRA and its regulations.

## Summation

Plaintiff has disputed the alleged accounts with the Co-Defendant and the Credit Reporting Agencies in a timely manner. And therefore the Co-Defendant is now reporting erroneous and inaccurate information on the Plaintiff's credit reports and the Co-Defendant has failed to provide proof of the account as requested by the Plaintiff. The Plaintiff now has a negatively impacted credit score as of this date and has been denied credit and/or denied credit at reasonable rates because of the willful noncompliance and negligent actions of erroneous and inaccurate reporting and/or inaction's of the Co-Defendant. Co-Defendant has not only violated the Plaintiff's civil rights but damaged the Plaintiff both monetarily and emotionally.

**WHEREFORE,** the Co-Defendant has violated the Fair Credit Reporting Act.

Plaintiff demands Judgment in the amount of $136,000.00, plus all costs of this action along with punitive damages in the amount of $50,000.00, for their violations of FCRA and any other damages the court deems permissible.

Respectfully submitted this 13 Day of ___O1___ , 2012.

Daniel Stanislawek, Pro Se Plaintiff
501 Mandalay Ave., Unit 309
Clearwater Beach, Florida 33767
Phone: 727-234-0716

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing complaint/summons Daniel Stanislawek vs. Henschel & Beinhaker, P.A. Defendant at 4060 Sheridan Street, Suite C in Hollywood, Florida 33021 has been served upon the Defendant via process server along with the Co-Defendant AMERICAN EXPRESS BANK FSB Co-Defendant has been served at their registered agent's

place of business at 200 Vesey Street, New York, NY 10285, on or about ___13___ day of
___01___, 2012 with affidavit of service by Process Service Receipt to be submitted to the
Clerk of the Court.

 

                               Daniel Stanislawek, Pro Se Plaintiff
                               501 Mandalay Ave., Unit 309
                               Clearwater Beach, Florida 33767
                               Phone: 727-234-0716