UNITED STATES DISTRICT COURT

For the Middle District of Florida

Case No.: 8:12-cv00080-VMC-EAJ

DANIEL STANISLAWEK

    Plaintiff,

v.

HENSCHEL & BEINHAKER, P.A.,

    Defendant,

AMERICAN EXPRESS BANK, FSB, a.k.a.

AMERICAN EXPRESS, AMEX, et al,

    Co-Defendant

_____/

## DEFENDANT'S AND CO-DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR FOR A MORE DEFINITE STATEMENT

COME NOW, Defendant, HENSCHEL & BEINHAKER, P.A., ("DEFENDANT" or "Henschel & Beinhaker"), and Co-Defendants, AMERICAN EXPRESS BANK, FSB a.k.a AMERICAN EXPRESS, AMEX, ("CO-DEFENDANT" or "American Express"), et al, by and through the undersigned counsel, and file this MOTION TO DISMISS PLAINTIFF'S COMPLAINT, and/or in the alternative, MOTION FOR A MORE DEFINITE STATEMENT, and as grounds thereof state:

## PRELIMINARY STATEMENT

Plaintiff commenced the instant action against Defendant and Co-Defendant, on the grounds that Defendant violated the Fair Debt Collections Practices Act, 15 U.S.C. S. 1692, (the "FDCPA") and that Co-Defendant violated the Fair Credit Reporting Act, 15 U.S.C. S. 1681 (the "FCRA"). As demonstrated below, Plaintiff's complaint fails as a matter of law and must be dismissed in its entirety.

At the outset, it must be noted that in July 2010, American Express obtained a judgment against the Plaintiff in the sum of $22,368.25 in the Circuit Court in and for Pinellas County, Florida (Case No.: 2009-02255-CI) for Plaintiff's failure to pay his American Express credit card debt. (A copy of the July 2010 Judgment is attached hereto as Exhibit "A".) The judgment was obtained through American Express' counsel Henschel & Beinhaker, P.A., and was awarded based upon American Express' motion for summary judgment. Notably, the FCRA and FDCPA were never raised in this previous action.

In a veiled effort to avoid liability imposed by American Express' July 2010 judgment, the Plaintiff first attempted to commence a lawsuit against the Defendants by filing a Summons and Complaint before this honorable Court in August 2010. In Plaintiff's complaint, Plaintiff alleged that Defendants violated the FDCPA, and Defendants filed a Motion to Dismiss, which the Court granted by Court order filed in October 2010. (Copies of the Plaintiff's initial Complaint, and this Court's Order dismissing Plaintiff's complaint are attached hereto as Exhibits "B" and "C" respectively.)

Now, Plaintiff again attempts to avoid liability by filing the instant action. Plaintiff's complaint is deficient both substantively and procedurally in that it fails to comply with Fed.R. Civ.P. 12(b)(6), by failing to state a cause of action upon which relief can be granted, and also fails to comply with Fed. R. Civ.P. 8(d), which requires each allegation to be simple, concise, and direct. A review of Plaintiff's complaint demonstrates that Plaintiff merely recites the law, without detailing how or when American

Express violated the law.

As demonstrated in Point I below, as matter of law, the Plaintiff's FCRA claims against American Express fail as a matter of law. The FCRA imposes two duties upon furnishers of information to consumer reporting agencies, which are codified at 15 U.S.C. §§1681s-2(a) and (b). The first duty Plaintiff has under the FCRA, at 15 U.S.C. §§1681s-2(a), is to report accurate information to the credit reporting agencies. However, as shown below, there is no private right of action for any alleged violation of that duty. The second duty Plaintiff has under the FCRA, at 15 U.S.C. §§1681s-2(b), is to conduct an investigation concerning disputed charges. However, this duty arises only after notice is received from a consumer reporting agency, not the defendant. Here, Plaintiff never alleges anywhere in his complaint that American Express was either notified by any consumer reporting agency of any dispute or that that American Express failed to conduct an investigation in response to a dispute communicated from a consumer reporting agency. In addition, there is no evidence that Defendant notified any consumer reporting agency that he disputed any information provided to them by American Express. Therefore, Plaintiff has no cause of action under 15 U.S.C. §§1681s-2(b).

As demonstrated in Point II below, Plaintiff fails to set forth any facts that would give rise to any FDCPA against Henschel & Beinhaker. Henschel & Beinhaker has fully complied with the FDCPA by sending a FDCPA compliant demand letter and timely validating the debt. Moreover, Henschel & Beinhaker never initiated or solicited any telephone contact or communication whatsoever with the Plaintiff in the case at bar, other than the pleadings and written correspondence affiliated with the state court action referenced herein.

## STANDARD OF LAW

In order to state a claim for relief, the Federal Rules require only "a short and plain statement of

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a Motion to Dismiss, the Court must accept all of the Plaintiff's allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, the Court need not accept the Plaintiff's legal conclusions as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Further, "a Court's duty to liberally construe a Plaintiff's Complaint in the face of a Motion to Dismiss is not the equivalent of a duty to re-write it for [him]." Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

"To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Id. "While a Complaint attacked by Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In the case at bar, Federal Rule(s) of Civil Procedure, 8(d), 12(e), and 10(c), are all applicable in analyzing the sufficiency of Plaintiff's Complaint. Rule 8(d), of the Federal Rules of Civil Procedure, requires each allegation to be simple, concise, and direct. Rule 12 (e), of the Federal Rules of Civil Procedure, allows a party to move for a more definite statement of a pleading to which a responsive pleading is allowed but which is vague or ambiguous that the party cannot reasonably prepare a response. Rule 10(c), of the Federal Rules of Civil Procedure, requires copies of referenced written instruments to be attached as exhibits.

## POINT I

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY AS IT FAILS TO STATE A CLAIMFOR WHICH RELIEF CAN BE GRANTED UNDER COUNTS 3-7 AGAINST CO-DEFENDANT, AMERICAN EXPRESS

### A) COUNTS 3 THROUGH 7 FAIL TO STATE A CLAIM

Counts 3, 4, 5, 6 and 7 of the Complaint merely recite various sections of the FCRA without detailing how or when American Express violated them, making it impossible to appropriately respond. As such, Plaintiff's Complaint is dismissable pursuant to Fed. R. Civ. P 12(b)(6) and 8(d) in that it fails to state a cause of action upon which relief can be granted, and fails to comply with Rule 8(d), of the Federal Rules of Civil Procedure, which requires each allegation to be simple, concise, and direct. . Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932,, 9 L.Ed.26 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

### B) PLAINTIFF FAILS TO ESTABLISH OR ALLEGE THE NECESSARY ELEMENTS REQUIRED TO MAINTAIN A PRIVATE RIGHT OF ACTION UNDER THE FCRA

Plaintiff has failed to establish or even allege the necessary elements required to maintain a private right of action under the FCRA. The FCRA imposes two duties upon furnishers of information to consumer reporting agencies. These duties are codified under 15 U.S.C. §1681. The first duty the Co-Defendant has under the FCRA, at 15 U.S.C. §§1681s-2(a), is to report accurate information to the credit reporting agencies. However, there is no private right of action for any alleged violation of that

duty, and therefore, Plaintiff could not have any claim under §§1681s-2(a), as a matter of law under the FCRA. The FCRA clearly limits the enforcement of 15 U.S.C. §1681s-2(a), to Government Agencies and Officials. Redhead, 2002 WL 31106934 (S.D.N.Y.) at *5; Riley v. General Motors Acceptance Corp., 226 F. Supp. 2d 1316, 1320 (S.D. Al. 2002); *Bank One, N.A. v. Colley*, 294 F. Supp. 2d 864, 870 (M.D. La 2003); Fino v. Key Bank of New York, 2001 WL 849700 (W.D. Pa 2001) at *4.

In Plaintiff's Complaint, he alleges: "American Express Bank, FSB is a furnisher of information as contemplated by FCRA section 1681s-2(a), & (b), (n), & (o) that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer." (See page 2 of Plaintiff's Complaint). Since Plaintiff alleges a cause of action under 15 U.S.C. §1681s-2(a), as stated above, he is barred by the code to bring this action. Accordingly, to the extent that Plaintiff's seeks relief under the FCRA pursuant to 15 U.S.C. §§1681s-2(a), as he appears to do, plaintiff's complaint should be dismissed.

Similarly, American Express is not liable for a violation of 15 U.S.C. §1681s-2(b) because Plaintiff neither fulfills or even alleges the conditions required by the statute to impose a duty upon American Express. A claim under 15 U.S.C. §1681s-2(b) will arise only after a dispute is filed with a consumer reporting agency, notice is thereafter received by furnisher from that consumer reporting agency about the dispute, and the Furnisher fails to conduct a reasonable investigation of the dispute. Specifically, 15 U.S.C. § 1681s-2(b) provides, in relevant part, as follows:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--conduct an investigation with respect to the disputed information...

See also Knudson v. Wachovia Bank 513 F. Supp.2d 1255 (M.D. Ala. 2007) (Court granted Wachovia Bank's motion to dismiss where Plaintiff failed to allege that furnisher of information received notice of a dispute from a consumer reporting agency.) St. Louis v. Countrywide Home Loans, Inc., 08-

23518-CIV, 2009 WL 2046162 (S.D. Fla. July 9, 2009) (Court granted dismissal where plaintiff failed to allege that the defendants received notice of a consumer dispute from a consumer reporting agency.) Leet v. Cellco P'ship, 480 F.Supp.2d 422, 428-29 (D.Mass.2007) (holding that a private cause of action exists under the FCRA against a furnisher of consumer credit information only when the defendant receives notice from a consumer reporting agency, and not merely from the consumer himself, that information is being disputed); Kaetz v. Chase Manhattan Bank, No. 05-1546-Civ, 2006 WL 1343700, at *3 (M.D.Pa.2006) (Dismissal granted where defendant did "not allege that he disputed the accuracy of his debts to a credit agency, or that the credit agency thereafter reported the dispute to Chase.") Schlueter v. BellSouth Telecommunications, 770 F. Supp. 2d 1204, 1208 (N.D. Ala. 2010) (Defendant's conclusory allegation that Defendant had received a "dispute regarding its false reporting"—without additional allegations that the dispute related to their account, that they had reported the inaccuracy to the consumer reporting agency, and that the consumer reporting agency reported the Plaintiff's dispute to Defendant—is insufficient "to render ... plausible" the necessary element of notice from the consumer reporting agency.)

Thus, to maintain a private right of action under 15 U.S.C. § 1681s-2(b), a consumer must allege and establish: (1) he/she provided a written dispute directly to the consumer reporting agency, (2) that the consumer reporting agency communicated the dispute to the furnisher of credit information; and (3) the furnisher of credit information failed to conduct a reasonable investigation of the dispute. Here, Defendant's complaint fails to properly allege any of these necessary elements. First and foremost, nowhere in Plaintiff's complaint does he allege that American Express was either notified of any dispute by any consumer credit reporting agency or that American Express failed to conduct a reasonable investigation in response to an alleged dispute. This alone warrants dismissal of Plaintiff's complaint because without these allegations the Plaintiff cannot maintain a claim against American Express under the FCRA.

Similarly, there is no evidence that Plaintiff notified any consumer reporting agency of any dispute. Instead, Plaintiff merely recites sections of the FCRA and makes the conclusory allegation that he disputed the debt with Equifax, Transunion and Experian, supported only by Postal Return Receipts. Tellingly, the Plaintiff fails to attach any letter to any consumer reporting agency wherein he disputes any information reported by American Express. Nor does the Complaint detail the facts, or circumstances, or nature of Plaintiff's alleged dispute made to consumer reporting agencies. Federal Rule Rules of Civil Procedure 10(c) requires copies of referenced written instruments to be attached as exhibits. By not attaching copies of the actual written notice, or detailing the nature of the dispute, Plaintiff has failed to sufficiently plead or establish that the requisite notice was sent to the consumer reporting agencies, and his FCRA claims as against American Express are dismissable as a matter of law.

## POINT II

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY AS IT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER COUNTS I AND II AGAINST DEFENDANT, HENSCHEL & BEINHAKER, P.A.

### A) COUNTS 1 & 2 FAIL TO STATE A CLAIM

As with Counts 3 through 7, Counts 1 and 2 in Plaintiff's complaint merely recite sections of the FDCPA without detailing how or when Defendant Henschel and Beinhaker violated them, making it difficult to appropriately respond. As such, Plaintiff's Complaint fails to comply with Fed.R. Civ.P. 12(b)(6), by failing to state a cause of action upon which relief can be granted, and fails to comply with Rule 8(d), of the Federal Rules of Civil Procedure, which requires each allegation to be simple, concise, and direct. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do"). Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932,, 9 L.Ed.26 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Plaintiff's FDCPA claims fall short of the high threshold standard mandated by the aforementioned Supreme Court case law. Count I of Plaintiff's Complaint merely pastes all subsections of 15 USC §1692g, without any incorporation of factual allegations. Plaintiff's Complaint fails to provide a specific basis for an alleged violation, and is not tied to a particular subsection of the statute. As such, Plaintiff fails to plead the requisite facts in conformity with the elements of the cause of action and Defendant is unable to properly formulate a response to the claim. Thus, Count 1 of plaintiff's complaint must be dismissed as a matter of law.

Similarly, Count II of Plaintiff's Complaint is redundant since Plaintiff alleges the same cause of action brought under Count I. Moreover, Plaintiff merely repeats Count I by pasting the same Federal Statute,15 USC §1692g, without any incorporation of factual allegations. Again, Plaintiff fails to identify any specific factual basis for violations that Defendant allegedly committed pursuant to a particular subsection of 15 USC §1692g. As a result, Defendant is unable to properly formulate a response to the claim. Thus, Plaintiff's Complaint must be dismissed in its entirety under Federal Rule 8(d), for failure to plead simply, directly, and concisely upon which relief can be granted.

### B) HENSCHEL & BEINHAKER NEVER VIOLATED THE FDCPA

Furthermore, Counts 1 and 2 of the Complaint are dismissable even *assuming arguendo*, they allege Henschel & Beinhaker failed to validate the debt in violation of the FDCPA, because Henschel & Beinhaker did indeed validate the debt. Before filing the suit, Defendant, Henschel & Beinhaker, on behalf of American Express Bank, FSB, sent a Demand Letter that meets the requirement of "FDCPA" to Plaintiff, DANIEL STANISLAWEK, on December 21, 2009. On or about January 6, 2010,

Plaintiff, DANIEL STANISLAWEK, sent a debt validation request to Defendant, Henschel & Beinhaker. On or about January 11, 2010, Defendant, Henschel & Beinhaker., sent a debt validation letter to Plaintiff, DANIEL STANISLAWEK, along with copies of the applicable cardmember agreement and account statements reflecting the balance owed, in compliance with the Fair Debt Collection Practice Act ("FDCPA"). (Copies of the Demand Letter, Request for Debt Validation, and Validation Letter are hereby attached as Exhibit "D").

After sending out the Debt Validation Letter, Defendant, Henschel & Beinhaker., resumed its collection efforts and proceeded with its lawsuit on behalf of Co-Defendant, American Express, in the Circuit Court in and for Pinellas County, Florida, (Case No.: 2009-022555-CI). On or about July 12, 2010, American Express, obtained a Summary Final Judgment against Plaintiff, DANIEL STANISLAWEK, in the amount of $22,368.25, which is still outstanding and unpaid. (Attached previously as Exhibit A).

Importantly, Defendant, Henschel & Beinhaker has never initiated or solicited any telephone contact or communication whatsoever with the Plaintiff in the case at bar, other than the pleadings and written correspondence affiliated with the state court action referenced herein. Instead, Plaintiff, DANIEL STANISLAWEK, a valid and legitimate judgment debtor to Co-Defendant, American Express, has chosen to file this completely frivolous lawsuit against the Defendants in Federal Court, for the sole purpose of harassment and retaliation.

Accordingly Counts 1 and 2 of Plaintiff's complaint should be dismissed in their entirety.

### POINT III
### PLAINTIFF'S COMPLAINT LACKS A DEFINITE STATEMENT AND MUST PROVIDE A MORE DEFINITE STATEMENT AS AN ALTERNATIVE

Rule 12 (e) of the Federal Rules of Civil Procedure allows a party to move for a more definite

statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Throughout the Complaint, Plaintiff alleges that Defendants violated various sections of "FDCPA", without specifying which Defendant committed each and every one of the violations. The Complaint is both vague and ambiguous, and therefore, it is impossible for Defendants to prepare a reasonable response. For example, Plaintiff's Complaint attaches what purports to be copies of receipts sent to third parties, all of which are not parties to this action, as evidence of FCRA & FDCPA violations allegedly committed by Defendants. Additionally, HENSCHEL & BEINHAKER, P.A., is not a creditor that has the capacity to report or update credit information for individual consumers. However, in Counts IV, V, VII against Co-Defendant, AMERICAN EXPRESS BANK, FSB, Plaintiff makes no allegations against Co-Defendant but instead erroneously names Defendant, HENSCHEL & BEINHAKER, P.A.. In sum, Plaintiff's Complaint is nothing more than a series of vague general claims accompanied by arbitrary demands for unsupported amounts of damages and should be dismissed with prejudice.

## CONCLUSION

Defendant, HENSCHEL & BEINHAKER, P.A., ("DEFENDANT"), and Co-Defendant, AMERICAN EXPRESS BANK, FSB a.k.a AMERICAN EXPRESS, AMEX, ("CO-DEFENDANT"), have been presented with a Complaint that has failed to state a claim for which relief can be granted. Furthermore, the Complaint is both vague and ambiguous, rendering it impossible for Defendants to prepare a reasonable response. Pursuant to Federal Rule(s) 8(a)(2) & (d), 10(c), 12(b)(6), and 12(e), Defendants respectfully request that this Court dismiss Plaintiff's Claim against Defendants in its entirety for failure to state a claim for which relief can be granted, or in the alternative, issue and Order directing the Plaintiff's to file a more definite statement.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by U.S. Mail to Plaintiff, Daniel Stanislawek, 501 Mandalay Avenue, Unit # 309, Clearwater, FL 33767, and to the Clerk of Court this 3 day of Feb., 2012.

HENSCHEL & BEINHAKER, P.A.
3475 Sheridan Street, Ste. 305
Hollywood, Florida 33021
(954) 964-4780
By: _____
DREW BEINHAKER, ESQ.
FBN: 0163538